IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER MEDINA BENCÓN,<br><br>Plaintiff<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, et al.,<br><br>Defendants | CIVIL 03-2039 (SEC) (JA) |

<u>MEMORANDUM ORDER</u>

This matter is before the court on motion for summary judgment filed by defendants the Puerto Rico Electric Power Authority (hereinafter "PREPA") and Héctor Rosario, Tomás Candelaria Nieves, Nixa Hernández Gutiérrez, César González González and Iván Torres Torres (collectively "defendants") in their individual capacities, on July 4, 2005. (Docket No. 41.) A response in opposition to summary judgment was filed by plaintiff on July 28, 2005. (Docket No. 47.) The defendants filed a reply to Medina's opposition on September 6, 2005. (Docket No. 58.) Medina then submitted a sur-reply on September 23, 2005.  (Docket No. 63.)  After considering the evidence in the record, the applicable law and for the reasons set forth below, defendants' motion for summary judgment will be GRANTED.

Plaintiff Javier Medina Bencón (hereinafter "Medina") brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988 and for violation of his rights to freedom of speech and to due process of law, protected by the First and

CIVIL 03-2039 (SEC) (JA)                                2

Fourteenth Amendments of the United States Constitution. Medina also invokes this court's supplemental jurisdiction, 28 U.S.C. § 1367, to bring claims under the Puerto Rico Constitution and Retaliation Against Public Employees Law, P.R. Laws Ann. tit. 1, § 601, et seq.; Puerto Rico's Wrongful Termination Law, Act No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29, § 185a et seq.; and article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

Plaintiff seeks injunctive relief against the defendants for them to immediately cease their unconstitutional and illegal practices and to reinstate Medina to all of his duties as supervisor for the Energy Illegal Appropriation Division in the Arecibo area. Plaintiff also requests compensatory and punitive damages.

Plaintiff has worked at the Puerto Rico Electric Power Authority (PREPA), a public corporation, in a management career position as a supervisor for the Energy Illegal Appropriation Division in the Arecibo Area, for the past nine years. Since March, 2001, plaintiff has denounced irregularities in the use of the electrical power by clients who use home made devices to get electricity without paying the proper amount or any amount. Some of the alleged clients involved in this illegal practice were members of the Popular Democratic Party, which won the general election in November 2000 and to which defendants owe their position at PREPA.

On or about October 1, 2002, plaintiff went to the Governmental Ethics Office to further denounce the illegal acts that were taking place at the Arecibo Office of PREPA. His last denouncing of such illegal practices made by influential clients in

CIVIL 03-2039 (SEC) (JA)                              3

the Arecibo and Utuado area was on January 23, 2003.  In the complaint, plaintiff claims that following his denouncing of the illegal conduct, he was subjected to an adverse labor environment by defendants Candelaria, Hernández, González and Torres.  According to the complaint, Medina was divested of his duties and was subject to retaliatory acts such as deprivation of his parking space and substantial reductions in Medina's per diem rate.  Plaintiff further alleges that he went to the Governmental Ethics Office to further denounce the illegal acts that were taking place at PREPA.  The next day, he was forbidden to use his personal car to perform his remaining duties contrary to what had been the practice up to that time.

On January 27, 2003, plaintiff allegedly was called to a meeting with defendants Candelaria and Hernández in which they threatened Medina with filing charges in order to terminate him.  They called him a liar on several instances.  On February 4, 2003, defendant Tomás Candelaria wrote a letter to plaintiff in which he explicitly forbade him from working extra hours, without giving any reason.  Finally, on February 12, 2003, defendant Candelaria wrote to Medina forbidding him to leave the office without the permission of defendant Hernández.  This practice and procedure, Medina alleges, was never applied nor informed to him before.

As a result of these actions taken by defendants, Medina asserts that he was deprived of his entitlement to the functions and responsibilities at PREPA as the supervisor for the Energy Illegal Appropriation Division in the Arecibo area, a career

CIVIL 03-2039 (SEC) (JA)            4

position in which he claims a property interest.  It is Medina's contention that he continues to be isolated and humiliated by defendants in a continuous fashion in violation of his constitutional rights.

It is defendants' contention that they are not liable in their individual capacity for their lack of personal involvement in the arguable violation of plaintiff's rights. They further submit that there were no such "retaliatory" actions on their part since all the alleged acts were taken in accordance with newly implemented rules in PREPA's best interest in order to maximize the production and efficiency of the office and lower costs.  They also claim that those actions were made prior to Medina's complaint, that they did not even know about the complaint filed until much later.   Therefore, PREPA and co-defendants, Héctor Rosario, Tomás Candelaria, Nixa Hernández, César González and Iván Torres, move for summary judgment and dismissal of  plaintiff's claim in its entirety.

A similar, if not identical, matter was previously addressed by me in a case filed by a fellow co-worker, Wilson Pérez-Ortiz, against the same defendants.  The two parallel actions involving identical claims arising out of the same facts were filed on September 24, 2005.  In both cases defendants moved for summary judgment. The case of <u>Pérez-Ortiz v. PREPA</u>, Civil No. 03-2040, was referred to me for a report and recommendation on the summary judgment issue on April 4, 2005.  I issued a report recommending that summary judgment be granted on April 15, 2005.  On

CIVIL 03-2039 (SEC) (JA)                     5

May 3, 2005 the district court adopted the unopposed report and recommendation, dismissing the complaint in its entirety.

Local Rule 56 requires that the moving party seeking summary judgment provide the court with a list of uncontested facts on which it relies, and that the non-moving party include a "a separate, short, and concise statement of the material facts. . . ." "This 'anti-ferret' rule aims to make the parties organize the evidence rather than leaving the burden upon the district judge." Alsina-Ortiz v. LaBoy, 400 F.3d 77, 80 (1st Cir. 2005). "[When] the party opposing summary judgment fails to comply, the rule permits the district court to treat the moving party's statement of facts as uncontested." Id. (citing Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 46 (1st Cir. 2004)). Additionally, the non-moving party cannot simply "dispense with the requirements of the rule by stating general objections to defendant's proposed facts." García Sánchez v. Román Abreu, 270 F. Supp. 2d 255, 259 (D.P.R. 2003). However, summary judgment is precluded if the non-moving party submits a statement of contested facts that create genuine issues of material fact. See id. Thus, in order to determine whether or not the non-moving party has complied with Local Rule 56, one must first look at the moving party's statement of facts with regard to the issue, and then look at the non-moving party's statement of contested facts to see if he has controverted those particular facts.

The defendants have submitted a statement of uncontested facts which complies with the spirit and letter of the anti-ferret rule. (Docket No. 41.) Plaintiff

CIVIL 03-2039 (SEC) (JA)                6

has submitted a statement of contested and uncontested material facts which in part admits many of the movant's uncontested facts, but which also qualifies some of them, for the most part, in a conclusory fashion. (Docket No. 47.) Plaintiff's own statement of uncontested facts also contains statements which are conclusory.

Extensive discovery has been conducted. Plaintiff has failed to produce sufficient evidence to show that his conduct was a motivating factor in the adverse employment actions he alleges were taken against him. Plaintiff did provide proof that some actions were in fact taken against him, but failed to provide evidence that linked those actions to the denouncements made by him.

I find no substantial difference between this case and the previous one. Therefore, I adopt my report and recommendation in the case of Pérez-Ortiz, and attach the same. From defendants' statement of uncontested facts, it is clear that plaintiff cannot satisfy his burden of presenting sufficient evidence to show that his protected conduct was a motivating or substantial factor in any adverse employment action taken against him. Accordingly, defendants' motion for summary judgment is GRANTED. The case is dismissed in its entirety. The Clerk of Court is to enter judgment accordingly.

SO ORDERED

In San Juan, Puerto Rico, this 28th day of November, 2005.

S / JUSTO ARENAS
Chief United States Magistrate Judge